IN THE UNITED STATES DISTRICT COURT
FORTHE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOEL C. KELLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CASE NO. 2:13-cv-522-WHA |
| | ) |
| DEWAYNE ESTES, et al., | ) |
| | ) |
| Respondents. | ) |

**<u>ORDER</u>**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #20), entered on October 13, 2015, together with the Petitioner's Objections (Doc. #23), filed on November 6, 2015, and Petitioner's Addendum to Objections (Doc. #26), filed on December 2, 2015. The court has conducted an independent evaluation and *de novo* review of the file in this case and, having done so, finds the objections to be without merit.

A jury found Kelley guilty of sexual torture, first-degree sodomy, and first-degree assault. Kelley submits a 29-page objection to the Recommendation that his 28 U.S.C. § 2254 habeas petition be denied. Essentially, he (A) takes exception to the standard of habeas review the Magistrate Judge applied to the claims considered on the merits by the state courts [i.e., his IAC Claims] and (B) reargues all his ineffective assistance of counsel (IAC) claims.

The Magistrate Judge applied the correct standard of review. All of Kelley's arguments regarding his IAC claims were considered in the Recommendation.

CLAIMS 1-4

In his habeas petition, Kelley asserted 7 claims, the first 4 of which were:

1. His original trial counsel, Larry R. Grissett, rendered ineffective assistance by failing to timely move to sever the charges as to the two victims ("E.P." and "B.B.") for purposes of trial.

2. His second trial counsel, Alfred F. Livaudais, Jr., rendered ineffective assistance by failing to move for a severance immediately after entering the case.

3. Livaudais and David J. Harrison (Kelley's third trial counsel) rendered ineffective assistance by failing to request a jury instruction that the evidence from one count could not be used to determine guilt on the remaining counts.

4. Livaudais and Harrison rendered ineffective assistance of counsel by failing to move for a mistrial and/or renew the motion for severance on the ground that the State engaged in prosecutorial misconduct by causing the grand jury to indict Kelley on a sexual-torture count that was later nol-prossed.

The Recommendation found that these claims were correctly adjudicated on the merits by the state courts. In particular, with regard to severance, the Recommendation found:

> Here, the offenses consolidated were similar in that each of the incidents occurred at E.P.'s residence in the same or similar manner; each occurred after Kelley appeared at the residence uninvited, when each victim was alone and had ingested medication or alcohol; and each victim was attacked by surprise and was unconscious or otherwise unable to defend herself before the sexual portion of the attack. Kelley has not shown that consolidation was improper based on the facts of the attacks on the two victims. Consequently, he fails to show that Grissett performed deficiently in failing to timely move for a severance or that he was prejudiced by Grissett's allegedly deficient performance in this regard. ....

This court agrees and, for the same reason, none of Kelley's attorneys were ineffective for failing to move for a severance.

With regard to the IAC claim based on a proposed jury instruction, the Recommendation found:

> The proposed jury instruction was not an accurate statement of the law because, as the trial court found, the evidence regarding Kelley's acts against B.B. was admissible to help prove his commission of the acts against E.P.  Thus, Kelley's attorneys were not ineffective for failing to request the jury instruction.

This court agrees.

As to Kelley's IAC claim rooted in alleged "prosecutorial misconduct," the Recommendation found:

> Kelley wholly fails to demonstrate prosecutorial misconduct regarding the sexual-torture count as to B.B. that was ultimately nol-prossed, and he fails to show that a severance of the charges for trial would have been granted had the indictment not originally included the sexual-torture count as to B.B.  He therefore fails to show that his trial counsel performed deficiently here or that he was prejudiced by his counsel's allegedly deficient performance.

Again, this court agrees with the Magistrate Judge.

For the reasons stated, the court agrees with the Recommendation as to all of Kelley's IAC claims.

In his addendum to his original Objections, Kelley takes exception to the Magistrate Judge's finding that Claims 5 and 6 in his habeas petition were procedurally defaulted.  The court has determined, however, that the Magistrate Judge correctly found that the claims were unexhausted and defaulted.

In Claim 5, Kelley asserted that the State's evidence did not support the jury's verdicts.  In Claim 6, he asserted that the trial court violated his rights under the Fifth, Sixth, and Fourteenth Amendments by admitting into evidence a flashlight alleged to have been used to sexually torture one of the victims.  Kelley failed to exhaust these claims because he did not

present them as constitutional claims in his application for rehearing after the Alabama Court of Criminal Appeals affirmed his convictions on direct appeal and then did not pursue the claims in the petition for writ of certiorari he subsequently filed with the Alabama Supreme Court.

The Magistrate Judge's Recommendation also notes the following regarding Kelley's Claim 6:

> With particular regard to Kelley's claim that the trial court violated his rights by admitting into evidence a flashlight alleged to have been used to sexually torture E.P., this court notes that, "[a]s a general rule, a federal court in a habeas corpus case will not review the trial court's actions concerning the admissibility of evidence," Alderman v. Zant, 22 F.3d 1541, 1555 (11th Cir. 1994), since the state court "has wide discretion in determining whether to admit evidence at trial...." Lynd v. Terry, 470 F.3d 1308, 1314 (11th Cir. 2006); see also Baxter v. Thomas, 45 F.3d 1501, 1509 (11th Cir. 1995) (evidentiary ruling claims reviewed only to determine whether the alleged error "was of such magnitude as to deny fundamental fairness").  Where the petitioner claims that the state court's evidentiary ruling deprived him of due process, the habeas court asks only whether the error was of such magnitude as to deny the petitioner his right to a fair trial, i.e., whether the error "was material as regards a critical, highly significant factor." Alderman, 22 F.3d at 1555; see also Kight v. Singletary, 50 F.3d 1539, 1546 (11th Cir.1995).  Claims in this regard will not support federal habeas relief unless the asserted error "had substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 623 (1993) (quotation omitted).  Even if Kelley had properly exhausted his claim about the admission of the flashlight in evidence at trial, this court cannot say that he was denied a fundamentally fair trial because of the admission of this evidence.  Alderman, 22 F.3d at 1555.

Recommendation at pp. 18-19 n.5.

This court finds Kelley's new Objections, as it does as to his original Objections, to be without merit.

Therefore, it is hereby ORDERED as follows:

1. The Objections and the Addendum to Objections are OVERRULED.

2. The court ADOPTS the Recommendation of the Magistrate Judge.

3. This petition for writ of habeas corpus under 28 U.S.C. § 2254 is DENIED, and this case is DISMISSED with prejudice.

DONE this 14th day of December, 2015.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE